UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY SERRA,<br><br>    on behalf of himself and all others similarly situated,<br><br>                *Plaintiff*,<br><br>    v.<br><br>NEW ENGLAND PATRIOTS LLC,<br><br>                *Defendant*. | Civil Action No. 4:24-cv-40022-MRG |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendant submits this response to Plaintiff's Notice of Supplemental Authority (ECF No. 56) concerning *Salazar* v. *Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. Oct. 15, 2024).

*Salazar*, which was decided four months after Defendant submitted its motion for leave to file its reply brief, supports Defendant's position in its Motion to Dismiss, not Plaintiff's. Defendant's first argument in its Motion to Dismiss is that Plaintiff does not qualify as a subscriber under the Video Privacy Protection Act ("VPPA") as interpreted by the First circuit in *Yershov* v. *Gannett Satellite Info. Network, Inc.* 820 F.3d 482 (1st Cir. 2016) because access to videos in Defendant's mobile application is not "conditioned on the exchange of personal information." ECF No. 54 at 2. *Salazar* reaffirms that principle. Citing *Yershov*, the Second Circuit held that "Salazar plausibly alleged that he gave the NBA valuable personal information ***in exchange for*** access to the online newsletter." *Salazar*, 118 F.4th at 552-53 (citing *Yershov* and quoting the requirement to allege that "plaintiff provided ***consideration*** in the form of personal information" to access video content) (emphasis added). As Defendant argued in its Motion to Dismiss, the

1

same is not true here.  Plaintiff's complaint concedes that Defendant's mobile application only collected his personal information (i.e. geolocation data) "when a user had location services enabled.'"  Compl. ¶ 52.  And Plaintiff was not required to provide that information in order to access video information.  Thus, under both the reasoning of *Yershov* and the recently issued decision in *Salazar*, Plaintiff is not a subscriber under the VPPA because access to video content was not conditioned on the provision of personal information.

Thus, not only is Plaintiff's supplemental authority misleading, but the decision in *Salazar* supports Defendant's arguments in its Motion to Dismiss, not Plaintiff's.

Dated:  November 27, 2024

Respectfully submitted,

/s/ *John P. Carlin*
John P. Carlin (admitted *pro hac vice*)
Peter Carey (admitted *pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street NW
Washington, D.C. 20006
(202) 223-7372
jcarlin@paulweiss.com
pcarey@paulweiss.com

Carter Greenbaum (admitted *pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3955
cgreenbaum@paulweiss.com

/s/ *Samuel N. Rudman*
Samuel N. Rudman (BBO#: 698018)
Adam Bookbinder (BBO#: 566590)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
(617) 248-4034
srudman@choate.com
abookbinder@choate.com

*Counsel for New England Patriots LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 27, 2024.

/s/ *Samuel N. Rudman*
Samuel N. Rudman (BBO #: 698018)
