EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY SERRA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    *v.*<br><br>NEW ENGLAND PATRIOTS LLC,<br><br>    Defendant. | Case No. 4:24-cv-40022-MRG<br><br>Hon. Margaret R. Guzman |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff Anthony Serra ("Plaintiff"), on behalf of himself and as a representative of the Settlement Class (as defined herein), and (ii) Defendant New England Patriots LLC. ("the Patriots" or "Defendant"). The Plaintiff and the Defendant are collectively referred to herein as the "Parties" and each as a "Party". This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

1.     On February 1, 2024, Plaintiff filed his putative class action complaint against the Patriots in the United States District Court for the District of Massachusetts alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA"). (D.E. 1.) The material allegations of the complaint center on Defendant's alleged disclosure of New England Patriots App (the "Patriots App") users' personally identifiable information—including which videos they watch, their precise geolocation, and advertising IDs—to third parties without permission, thereby violating the VPPA.

1

2.     On April 30, 2024, the Patriots moved to dismiss arguing, *inter alia,* that the class action complaint failed to state a claim upon which relief could be granted. (D.E. 45.) Thereafter, on June 14, 2024, the Plaintiff filed a memorandum in opposition to the motion to dismiss, to which the Patriots filed a reply on November 19, 2024. (D.E. 50, 54.) On November 25, 2024, Plaintiff filed a notice of supplemental authority in support of his opposition to the motion to dismiss, and the Patriots filed a response thereafter. (D.E. 56, 57.)

3.     During the pendency of the motion to dismiss, the Parties discussed the prospect of resolution. As part of these discussions, Defendant provided Plaintiff with information about how the Patriots App worked, the information that the Patriots received through the Patriots App, the third-party technologies that allegedly received Plaintiff's personally identifying information and the information they received, and the potential class size.  The parties also had extensive discussions about the specific strengths and weaknesses of Plaintiff's claims and Defendant's defenses.  These discussions took place over a number of months directly between counsel and were at all times at arms' length.

4.     These lengthy arms' length negotiations led to the Parties reaching an agreement in principle on January 31, 2025 on all material terms of this class action settlement and thereafter reduced that to a term sheet.

5.     Thereafter, on February 3, 2025, the Parties sought a stay of the litigation for the purpose of committing the agreement in principle to formal settlement documentation and presentation to the Court to seek preliminary approval of the settlement. (D.E. 58.) The Court granted the Parties' joint request for a stay on February 4, 2025. (D.E. 59.)

6.     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to

commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

7.      Plaintiff believes that the claims asserted in the Action against Defendant have merit and that he would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

8.      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

among Plaintiff, the Settlement Class, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

## 1    DEFINITIONS.

As used in this Settlement Agreement, the following terms have the meanings specified below.

**1.1. "Action"** means *Serra v. New England Patriots, LLC.,* Case No. 4:24-cv-40022-MRG, pending in the United States District Court for the District of Massachusetts.

**1.2. "Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.3. "Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.4. "Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after the date of the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in each of the Notices and the Claim Form.

**1.5. "Class Counsel"** means Nathaniel L. Orenstein, Patrick T. Egan, and Christina L. G. Fitzgerald of Berman Tabacco, Daniel C. Hedlund and Daniel J. Nordin of Gustafson Gluek, PLLC, Kenneth A. Wexler, Justin N. Boley, and Zoran Tasić of Wexler Boley & Elgersma LLP, and Kevin Landau and Brett Cebulash of Taus, Cebulash & Landau, LLP.

**1.6. "Class Period"** means the period from February 1, 2022, to and through the date of Preliminary Approval.

**1.7. "Class Representative"** means the named Plaintiff in this Action, Anthony Serra.

**1.8. "Court"** means the United States District Court for the District of Massachusetts, the Honorable Margaret R. Guzman presiding, or any judge who shall succeed her as the Judge in this Action.

**1.9. "Defendant"** means New England Patriots LLC. and its successors and assigns.

**1.10. "Defendant's Counsel"** means John P. Carlin and Peter Carey of Paul, Weiss, Rifkind, Wharton & Garrison LLP, and Samuel N. Rudman and Adam Bookbinder of Choate, Hall & Stewart LLP.

**1.11. "Effective Date"** means the date on which the Final Judgment becomes Final.

**1.12. "Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement

and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

**1.13. "Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.14. "Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari,* all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari.*

**1.15. "Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the Service Award to the Class Representative.

**1.16. "Final Judgment"** means the order to be entered by the Court, after the Final Approval Hearing, granting final approval of this Agreement.

**1.17. "Net Settlement Fund"** means the Settlement Fund less the following: Settlement Administration Expenses; any taxes due on earnings on the Settlement Fund, and any expenses related to the payment of such taxes; any Fee Award awarded by the Court; any Service Award awarded by the Court; and any other Court-approved deductions.

**1.18. "Notice"** means any of the notices of this proposed Class Action Settlement Agreement and Final Approval Hearing, which are to be provided to the Settlement Class substantially in the manner set forth in this Agreement, are consistent with the requirements of Due Process, Rule 23, and are substantially in the form of Exhibits B, C, D, E, F, and G hereto. "Notices" shall mean one or more Notice.

**1.19. "Notice Date"** means the date which is forty-five (45) days after Preliminary Approval.

**1.20 "Notice Plan"** means the entirety of the notice process described in Paragraph 4.1 and its subparts.

**1.21. "Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1.4, or such other date as ordered by the Court.

**1.22. "Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors,

representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.23. "Plaintiff"** means Anthony Serra.

**1.24. "Precise Geolocation"** means geolocation coordinates with more than three decimal places of accuracy (i.e., within less than forty feet of the user).

**1.25. "Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.26. "Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

**1.27. "Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party, including all claims that were brought or could have

been brought in the Action relating to the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.28. **"Released Parties"** means Defendant New England Patriots LLC, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.29. **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.30. **"Service Award"** means any amount awarded by the Court to the Class Representative as a service award in recognition of his efforts and commitment on behalf of the Class, which will be paid out of the Settlement Fund.

1.31. **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims,

responding to inquiries from members of the Settlement Class, and, if necessary, mailing Notices and/or checks for Approved Claims, and related services.

**1.32. "Settlement Administrator"** means a reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.33. "Settlement Amount"** means Two Million One Hundred and Sixty Thousand Dollars and Zero Cents ($2,160,000.00) in cash.

**1.34. "Settlement Class"** means all individuals residing in the United States who are or have been users of the Patriots App with location services enabled, and who requested or obtained any prerecorded (including on-demand replay) videos available on the Patriots App, during the Class Period. Excluded from the Settlement Class are (1) any judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

**1.35. "Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.36. "Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the Settlement Amount, to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. The Settlement Fund shall be at all times a "qualified settlement fund" within the meaning of Section 1.468B-1 et seq.

of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon the Class Representative, Class Counsel, Defendant, or Defendant's Counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for purposes of federal or state income taxes or otherwise, shall be paid out of the Settlement Fund. Neither the Class Representative, Class Counsel, Defendant, nor Defendant's Counsel shall have any liability or responsibility for any taxes arising with respect to the Settlement Fund. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than the Settlement Amount.

**1.37. "Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and

relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**1.38. "VPPA-Compliant Consent"** means informed written consent as set forth in 18 U.S.C. § 2710 (b)(2)(B) which requires that consent: (i) must be given "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer"; (ii) must be given at the time the disclosure is sought, or in advance for a set period of time (not to exceed 2 years or until consent is withdrawn by the consumer, whichever is sooner); and (iii) the video tape service provider must offer a clear and conspicuous opportunity for the consumer to withdraw consent on a case-by-case basis or from ongoing disclosures, at the consumer's election.

## 2    SETTLEMENT RELIEF.

### 2.1. Payments to Settlement Class Members.

**2.1.1.** Defendant shall pay or cause to be paid into the Escrow Account the Settlement Amount, as specified in Paragraph 1.33 of this Agreement, within thirty (30) days after Preliminary Approval.

**2.1.2.** Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. The Settlement Administrator shall pay a *pro rata* portion of the Net Settlement Fund for all Approved Claims through payment (a) by check via first class U.S. mail; or (b) by electronic means via Paypal or Venmo, upon election of the Settlement Class Member, which the Parties agree to make available as alternative payment options. Payments to all Settlement Class Members with Approved Claims shall be made within ninety (90) days after the Effective Date.

**2.1.3.** All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and eighty (180) days after the date of issuance. To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks or received electronic payments during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, revert to a non-sectarian and/or not-for-profit organization recommended by Class Counsel and approved by the Court.

**2.1.4.** Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be extinguished.

**2.2. Prospective Relief.** Within 45 days of the Preliminary Approval Order (or sooner), Defendant will suspend any known transmission (to the extent any is occurring) by the Patriots App to Anvato through the Anvato API of Precise Geolocation data in connection with a user's viewing of pre-recorded video materials. Nothing herein shall prohibit the known transmission by the Patriots App to Anvato through the Anvato API of Precise Geolocation information in the event the VPPA is amended, repealed, or otherwise invalidated (including without limitation by judicial decision on the use of API or SDK technology by the United States Supreme Court or United States Court of Appeals for the First Circuit), or where precise geolocation is held by either court not to be personally identifying information, or where the disclosure of information does not identify specific pre-recorded video materials that a user has requested or obtained on the Patriots App, or where the Defendant has obtained VPPA-Compliant Consent.

Within 45 days of the Preliminary Approval Order (or sooner), Defendant will suspend any known transmission (to the extent any is occurring) by the Patriots App to Rover through the Rover SDK of Precise Geolocation data in connection with a user's viewing of pre-recorded video materials. Nothing herein shall prohibit the known transmission by the Patriots App to Rover through the Rover SDK of Precise Geolocation information in the event the VPPA is amended, repealed, or otherwise invalidated (including without limitation by judicial decision on the use of API or SDK technology by the United States Supreme Court or the United States Court of Appeals for the First Circuit), or where precise geolocation is held by either court not to be personally

identifying information, or where the disclosure of information does not identify specific pre-recorded video materials that a user has requested or obtained on the Patriots App, or where the Defendant has obtained VPPA-Compliant Consent.

## 3  RELEASE.

**3.1.** The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2.** Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

## 4  NOTICE TO THE CLASS.

**4.1.** The Notice Plan shall consist of the following:

**4.1.1.** *Direct Notice.* In the event that the Court preliminarily approves the Settlement, as soon as reasonably practicable thereafter but no later than the Notice Date, the Defendant shall send notice to all current users of the Patriots App via one message in the "My Inbox" section of the Patriots App substantially in the form attached as Exhibit C, which can be viewed until the Claims Deadline. Upon opening the "My Inbox" notice, the Patriots App user will be automatically directed to the "Patriots App Landing Page" notice, substantially in the form

attached as Exhibit B.  The Defendant shall also provide, by no later than the Notice Date, a separate settlement notice via one push-notification through the Patriots App substantially in the form attached as Exhibit D, which shall also link each user to the Patriots App Landing Page notice.

**4.1.2.** Within fourteen (14) days of providing the latest direct notice described in 4.1.1, Defendants will provide the Settlement Administrator with the total number of Patriots App users to whom the Patriots sent "My Inbox" notification within the Patriots App and total number of push notifications sent through the Patriots App.

**4.1.3.** *Publication Notice.* By no later than the Notice Date, the Settlement Administrator shall publish notices in a form and manner that targets class members. The notice provided through publication shall be a banner ad substantially in the form of Exhibit E hereto to be displayed only to users who downloaded the Patriots App, and in the form of a video advertisement to be mutually agreed upon by the Parties which shall only be displayed as a pre-roll on YouTube to viewers that downloaded the Patriots App.  The video advertisement shall contain the following language in the video voice-over or text in the video itself: "The Patriots organization denies that it violated any law, but has agreed to settle the lawsuit to avoid the expenses and uncertainties associated with continuing the case."

**4.1.4.** *Settlement Website.* By no later than the Notice Date, notice shall be provided on a website at www.PatriotsVPPASettlement.com (the "Settlement Website") which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms online. The notice provided on the Settlement Website shall be substantially in the form of Exhibit F hereto.   To facilitate locating the Settlement Website, the Settlement Administrator will acquire sponsored search listings on *Google*, *Yahoo!*, and *Bing*. When visitors to these search engines search for keyword combinations that are mutually agreed upon by the

Parties and relate to the Settlement, the sponsored search listing advertisement created for this Settlement will be displayed (the "Sponsored Search Listing Notice"). The Sponsored Search Listing Notice shall be substantially in the form of Exhibit G hereto.

**4.1.5.** *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

**4.1.6.** *Contact from Class Counsel.* Class Counsel, in their capacity as counsel to Settlement Class Members, may from time to time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement.

**4.1.7.** *No Use of Intellectual Property.*  None of the final forms of the notices described in this Section 4.1, nor any other communications by Class Counsel or the Settlement Administrator with any members of the Settlement Class or the public in furtherance of or pursuant to this Agreement and/or Settlement,  shall contain  any intellectual property of the Defendant, the National Football League, or any other member teams of the National Football League (including without limitations, logos or nicknames).

**4.2.** The Settlement Website notice, a link to which shall be included in the Claim Form, the Patriots App Landing Page, and the Publication  Notices, shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Settlement Website notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection,

shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Settlement Website notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

**4.3.** Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including information sufficient to identify the objector's current use of the Patriots app or a screenshot showing that such objector was a user of the Patriots app during the class period; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (6) the objector's handwritten or electronically imaged written signature. So-called "mass" or "class" objections shall not be allowed.

**4.4.** If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any

modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**4.5.** A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Settlement Website notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Settlement Website notice, providing his/her name and address, a signature, the name and number of the Action, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Settlement Website notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Settlement Website notice.

**4.6.** The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice Date.

**4.7.** Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Settlement Website notice, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5    SETTLEMENT ADMINISTRATION.

**5.1.** The Settlement Administrator shall, pursuant to the directions of the Court's orders, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notices, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

**5.1.1.** Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement,

and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

**5.1.2.** Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

**5.1.3.** Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

**5.1.4.** Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

**5.2.** The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 1.2 and/or 1.3, above, or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of that deficiency notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3.** Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to The Honorable Margaret R. Guzman for binding determination.

**5.4.** Neither the Settlement Administrator nor Class Counsel shall have the right to use, disseminate, or disclose any personally identifiable information to be provided by Settlement Class Members ("Member PII") for any purpose other than the administration of the Action and the settlement under this Settlement Agreement.  Class Counsel shall not include any provision to the contrary in any contract or statement of work with the Settlement Administrator or any third party, and shall require the Settlement Administrator and any other persons or entities that have access to any Member PII to keep all such Members PII strictly confidential and maintain data security processes and procedures reasonably sufficient to prevent a breach of such Member PII.  Class Counsel shall, and shall instruct the Settlement Administrator to (i) purge or delete all Member PII immediately upon the conclusion of the administration of the settlement except as required by law, rule or regulation, and in the case of the Settlement Administration, to the extent such copies are electronically stored in accord with Settlement Administrator's record retention or backup policies or procedures then in effect, (ii) treat any Member PII which is required to be maintained by law as highly confidential, and (iii)  notify Defendant that it has completed the purge or deletion of Member PII or, if any Member PII has been retained, the term for which Member PII shall be retained.

**5.5** In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6    <u>TERMINATION OF SETTLEMENT.</u>

**6.1.** Subject to Paragraph 6.2 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1.4 of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2.** Subject to Paragraph 6.3 below, Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement by providing written notice to Class Counsel within twenty five (25) days of the following events: (i) more than a specified number of the Settlement Class  have timely and validly opted out of and/or objected to the Agreement as agreed to by the Parties[1]; or (ii) the Class Representative and his agents, or any other individuals operating

---

[1] The Parties have entered into a standard supplemental agreement that provides that if the number of opt outs and/or objections to the Settlement equals or exceeds a certain amount, Defendant shall have the option to terminate the Settlement. Agreements of this sort are typical in class settlements and, if requested, Class Counsel can submit additional information regarding this agreement *in camera. See N.Y. State Teachers'*

at his direction or in coordination with him, or Class Counsel, file or threaten to file any arbitrations or additional lawsuits against Defendant related to the Released Claims at any time prior to Final Approval.

**6.3.** If Defendant seeks to terminate this Agreement on the basis of Paragraph 6.2 above, the Parties agree that any dispute as to whether Defendant may invoke Paragraph 6.2 to terminate this Agreement that they cannot resolve on their own after reasonable, good faith efforts, will be submitted to the Court for binding determination.

**6.4.** The Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the service award set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or service award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

## 7    PRELIMINARY APPROVAL ORDER AND FINAL JUDGMENT.

**7.1.** On or before May 8, 2025, which date may be extended by mutual agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class

*Ret. Sys. v. Gen. Motors Co*., 315 F.R.D. 226, 240 (E.D. Mich. 2016) ("The opt-out threshold is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out"); *see also In re Warfarin*, 212 F.R.D. 231, 253 (D. Del. 2002), *aff'd*, 391 F.3d 516 (3d Cir. 2004) ("The notice did not need to include details such as . . . the confidential 'opt-out' threshold beyond which defendant reserved the right to withdraw from the settlement (irrelevant to members' opt-out decision)[.]").  There are no other side agreements between the Parties.

Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notices and Claim Form for dissemination substantially in the form of Exhibits A, B, C,  D, E, F, and G hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2.** Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective. The Parties acknowledge that there have been no stipulations to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void *ab initio,* and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

**7.3.** At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.4.** After notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

**7.4.1.** find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**7.4.2.** approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties;

**7.4.3.** find that the Notices implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**7.4.4.** find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

**7.4.5.** dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

**7.4.6.** incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**7.4.7.** permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

**7.4.8.** without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

**7.4.9.** incorporate any other provisions, as the Court deems necessary and just.

## 8    FEE AND SERVICE AWARDS.

**8.1.** Pursuant to Fed. R. Civ. P. 23(h), Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount determined by the Court as the Fee Award. Plaintiff will file a motion with the Court prior to the Final Approval Hearing requesting a Fee Award not to exceed one-third of the Settlement Fund. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount

ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

**8.2.** The Fee Award shall be paid from the Settlement Fund within ten (10) days after entry of the Court's Final Judgment, notwithstanding the existence of any timely filed objections or potential for appeal therefrom, or collateral attack on the settlement or any part hereof. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the Settlement Fund.

**8.3.** Class Counsel may file a motion for Court approval of a Service Award for the Class Representative, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement. Class Counsel will not request a service award for the Class Representative exceeding $5,000.00. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

**8.4.** The Service Award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within thirty (30) days after the Effective Date.

**8.5.** The Parties agree that the effectiveness of this Settlement Agreement does not require and is not conditioned upon the Court's approval of attorneys' fees and reimbursement of expenses and/or an award to be payable to the Class Representative for service in the Action.  No decision by the Court, or modification, reversal, or appeal of any decision by the Court, concerning the payment of a Fee Award and/or a Service Award shall be grounds for cancellation or termination of this Settlement Agreement.

**9    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1.** The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**9.1.1.** The Parties and their counsel have executed this Agreement;

**9.1.2.** The Court has entered the Preliminary Approval Order;

**9.1.3.** The Court has entered an order finally approving the Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**9.1.4.** The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2.**    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof and fails to cure such material breach within 30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

**9.3.** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, and 9.1-9.2 above, the Parties shall be restored to their respective positions in

the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc,* and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into, with the exception that Defendant reimburse the claims administrator for all expenses incurred for notice and claims administration through the date of termination of the settlement.

## 10  <u>MISCELLANEOUS PROVISIONS.</u>

**10.1.** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2.** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

**10.3.** The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4.** Whether or not the Effective Date occurs, or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**10.4.1.** is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**10.4.2.** is, may be deemed, or shall be used, offered, or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**10.4.3.** is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be

necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      **10.4.4.** is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      **10.4.5.** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

    **10.5.** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

    **10.6.** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

    **10.7.** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.8.** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9.** Except as otherwise provided herein, each Party shall bear its own costs.

**10.10.** Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

**10.11.** Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Plaintiff and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.12.** This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All

executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13.** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14.** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

**10.16.** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17.** Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Kevin Landau, Taus, Cebulash & Landau, LLP, 123 William Street, Suite 1900A, New York, NY 10075, and John Carlin of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 2001 K St. NW, Washington, D.C. 20006.

**10.18.** Plaintiff and/or Class Counsel shall not, at any time, issue press releases or make other public statements regarding the Settlement or the Action (apart from filings with the Court as necessary to obtain Preliminary or Final Approval of the Settlement) unless Defendant agrees to such press releases or public statements in advance; provided that Class Counsel may post Court orders regarding the Action and brief summaries of those orders on their website(s) without permission from Defendant, so long as any reference in such order(s) to materials subject to any

confidentiality obligations are properly redacted.  This provision shall not prohibit Class Counsel

from communicating with any person in the Settlement Class regarding the Settlement (subject to

compliance with any and all applicable confidentiality obligations).


**IT IS SO AGREED TO BY THE PARTIES**

Dated May 8, 2025                                    Respectfully submitted,

**PLAINTIFF ANTHONY SERRA**              **NEW ENGLAND PATRIOTS LLC**

*/s/ Nathaniel L. Orenstein*                          */s/ John P. Carlin*
  One of His Attorneys                                  One of Its Attorneys

Nathaniel L. Orenstein (BBO #664513)      John P. Carlin (admitted pro hac vice)
Patrick T. Egan (BBO #637477)                Peter Carey (admitted pro hac vice)
Christina L. G. Fitzgerald (BBO #709220)    Paul, Weiss, Rifkind, Wharton & Garrison LLP
BERMAN TABACCO                               2001 K Street NW
One Liberty Square                               Washington, D.C. 20006
Boston, MA 02109                               (202) 223-7372
Telephone: (617) 542-8300                      jcarlin@paulweiss.com
norenstein@bermantabacco.com              pcarey@paulweiss.com
pegan@bermantabacco.com
cfitzgerald@bermantabacco.com            Samuel N. Rudman (BBO#: 698018)
                                                    Adam Bookbinder (BBO#: 566590)
Kevin Landau                                     Choate, Hall & Stewart LLP
Brett Cebulash                                   Two International Place
Joshua O. Hall                                   Boston, MA 02110
Taus, Cebulash & Landau, LLP                (617) 248-4034
123 William Street, Suite 1900A,             srudman@choate.com
New York, NY 10038                           abookbinder@choate.com
Tel: 212-931-0704
klandau@tcllaw.com
bcebulash@tcllaw.com
jhall@tcllaw.com                                 *Counsel for Defendant*


Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Joe E. Nelson
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402

Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
jnelson@gustafsongluek.com

Kenneth A. Wexler
Justin N. Boley
Zoran Tasić
WEXLER BOLEY & ELGERSMA LLP
311 S. Wacker Drive, Suite 5450,
Chicago, IL 60606
Tel: 312-346-2222
Fax: 312-346-0022
kaw@wbe-llp.com
jnb@wbe-llp.com
zt@wbe-llp.com


*Counsel for Plaintiff*

# Exhibit A

**EXHIBIT A**

*Serra v. New England Patriots LLC*, **Case No. 4:24-cv-40022-MRG**
**United States District Court for the District of Massachusetts**

## CLAIM FORM

If you are an individual residing in the United States who, at any time from February 1, 2022, to and through [Preliminary Approval Date] used the New England Patriots Mobile App with location services enabled, and requested or obtained any prerecorded (including on-demand replay) videos available on the Patriots App, you are a member of the Settlement Class in a lawsuit against New England Patriots LLC ("Patriots") and are entitled to submit a claim to share in the settlement benefits.

If you wish to submit a claim, complete this form and mail it, postmarked on or before [Claims Deadline] to the address below. You may also submit a claim electronically at [Claim Website] on or before [Claims Deadline].

Your claim will be reviewed to determine whether or not you are entitled to payment. More information, including details on how payments are determined, is available at [Settlement Notice Website] or by contacting the Settlement Administrator at ___. If you believe you are a member of the Settlement Class but have not received a Notice of Proposed Class Action Settlement containing a Unique ID and Pin number for your claim, please contact the Settlement Administrator at _____.

You may not share in the settlement fund if you exclude yourself from the Settlement. New England Patriots LLC, its agents, affiliates, parents, subsidiaries, any entity in which it has a controlling interest, any of its officers or directors, any successor or assign, and any judge who adjudicates this case, including their staff and immediate family, are not eligible to share in the Settlement money and are excluded from the Settlement Class.

Please submit your claim electronically on the [Claim Website] or mail your claim with the information below to: [Claims Administrator].

## PART ONE: CLAIMANT INFORMATION

**Claimant name:** _____

**Unique ID:** _____

**PIN:** _____

**Street Address:** _____

**City:** _____

QUESTIONS? CALL [NUMBER] TOLL FREE, OR VISIT [WEBSITE]

**State:**_____ **Zip Code:** _____

**Country:** _____

**Telephone Number:** _____

**Email Address:** _____


## PART TWO: PAYMENT SELECTION

Please select one of the following payment options:

☐ Digital Payment
Email address associated with your Digital Payment account:

_____

Digital Payment service (PayPal or Venmo):

_____

☐ Physical Check:
A check will be mailed to the address provided above.


## PART THREE: CERTIFICATION

To qualify for a cash payment, you must verify that you watched any pre-recorded video on the New England Patriots App.

I certify the following:

    (1) At least once between February 1, 2022 and [Preliminary Approval Date], I (a) used the New England Patriots Mobile App to request or view a pre-recorded video and (b) had location services enabled while I used that app.

    (2) All of the information on this Claim Form is true and correct to the best of my knowledge, information, and belief, and this is the only claim I will submit in connection with this Settlement. I understand the Settlement Administrator may contact me to request further verification of the information provided in this Claim Form.


Signature: _____ Date: _____

# Exhibit B

EXHIBIT B
**[Patriots App Settlement Landing Page Notification]**

**UNIQUE ID: [INSERT]**
**PIN: [INSERT]**

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Serra v. New England Patriots LLC*, Case No. 4:24-cv-40022-MRG
United States District Court for the District of Massachusetts

**You May Be Entitled to a Payment from a Class Action Settlement**

**Click [HERE] to File a Claim for Cash Payment**

**Claims Must be Submitted no later than [Claims Deadline]**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant New England Patriots LLC, ("Patriots") disclosed its users' personally identifiable information to third parties via Anvato API and Rover SDK in its mobile app ("Patriots App") in connection with users' viewing of prerecorded videos without its users' consent in violation of the Video Privacy Protection Act ("VPPA"). Personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Patriots denies that it violated any law, but has agreed to the settlement to avoid the expenses and uncertainty associated with continuing the case.

**<u>Am I a Settlement Class Member?</u>** Settlement Class Members are all persons residing in the United States who, at any time from February 1, 2022, to and through [Preliminary Approval Date] used the Patriots App with location services enabled, and requested or obtained any prerecorded (including on-demand replay) videos available on the Patriots App.

**<u>What can I get?</u>** If approved by the Court, Patriots will create a Settlement Fund of $2,160,000 for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members who file a timely and complete claim on a pro rata basis (meaning equal share), after deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration (including payment of any associated taxes).

The Settlement also requires Patriots to suspend operation of Anvato API and Rover SDK on the Patriots App to the extent that they transmit precise geolocation data in connection with a user's viewing of pre-recorded video materials, unless and until the VPPA is amended, repealed, or otherwise invalidated (including without limitation by judicial decision on the use of API or SDK technology by the United States Supreme Court or United States Court of Appeals for the First Circuit), or where precise geolocation is held by either court not to be personally identifying information, or where the disclosure of information does not identify specific pre-recorded video materials that a user has requested or obtained on the Patriots App, or until Patriots obtains VPPA-

compliant consent for the disclosure to third parties of the video content viewed.

**How to I get a payment?** You must submit a timely Claim Form **no later than [Claim Deadline]**. You can file a claim by clicking here[embedded link]. You will be asked to enter the Unique ID and pin numbers provided at the top of this notice.  Your payment will come by check unless you elect to receive payment electronically via Paypal or Venmo.

**What are my other options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you will keep any rights you may have to sue Defendant regarding the issues in the lawsuit. You may object to the proposed settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to exclude yourself from, or object to, the Settlement are available at here[embedded link]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against Patriots relating to issues in this case will be released.

**Who represents me?** Nathaniel L. Orenstein, Patrick T. Egan, and Christina L. Gregg of Berman Tabacco, Daniel C. Hedlund and Daniel J. Nordin of Gustafson Gluek PLLC, Kenneth A. Wexler, Justin N. Boley, and Zoran Tasić of Wexler, Boley & Elgersma LLP, and Kevin Landau and Brett Cebulash of Taus, Cebulash & Landau, LLP are the lawyers representing Anthony Serra and the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**When will the Court consider the proposed settlement?** The Court will hold a Final Approval Hearing at [time] on ___, 2025 in Courtroom __ at the Harold D. Donohue Federal Building and U.S. Courthouse, 595 Main Street, Worcester, Massachusetts 01608. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a service award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

**How do I get more information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to here, contact the Settlement Administrator at ___ or Class Counsel at ___.

# Exhibit C

**EXHIBIT C**
**[My Inbox Notification]**

Class Action Settlement Notice: U.S. residents who watched pre-recorded videos with location services enabled on the Patriots App between February 1, 2022, and [PRELIMINARY APPROVAL DATE] may be eligible for a class action settlement payment—open for details.

# Exhibit D

**EXHIBIT D**
**[Push Notification]**

Class Action Settlement Notice: U.S. residents who watched pre-recorded videos with location services enabled on the Patriots App between February 1, 2022, and [PRELIMINARY APPROVAL DATE] may be eligible for a class action settlement payment—tap for details.

# Exhibit E

## *Serra v. New England Patriots LLC*

## Banner Advertisement

### 300x250 Online Display Banner

Frame 1 (Visible 8 seconds):



Frame 2 (Visible 6 seconds):



## *Serra v. New England Patriots LLC*

# YouTube Advertisement Video

The YouTube advertisement video shall contain the following language in the video voice-over: "If you used the New England Patriots Mobile App with location services enabled to view a video anytime between February 1, 2022 and [PRELIMINARY APPROVAL DATE], you could be eligible to get a cash payment from a class action settlement. Claims must be filed by [CLAIMS DEADLINE] in order to receive payment. To find out more information and to file your claim online, go to the Court-approved official website [DOMAIN] or call toll free [PHONE NUMBER]."

The YouTube advertisement video shall also contain the following language in the text in the video itself: "The Patriots organization denies that it violated any law, but has agreed to settle the lawsuit to avoid the expenses and uncertainties associated with continuing the case."

# Exhibit F

**EXHIBIT F**

**[Settlement Website]**

United States District Court for the District of Massachusetts
*Serra v. New England Patriots LLC*, Case No. 4:24-cv-40022-MRG

# You May Be Entitled to a Payment from a Class Action Settlement If You Used the New England Patriots App with Location Services Enabled and Viewed Video(s)

**Claims Must be Submitted no later than [==Claims Deadline==]**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

 A settlement has been reached in a class action lawsuit against New England Patriots LLC, ("Patriots"). The class action lawsuit alleges Patriots disclosed personally identifiable information ("PII") of users of its mobile app ("Patriots App") to third parties via Anvato API and Rover SDK via the Patriots App without its users' consent in violation of the Video Privacy Protection Act ("VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Patriots denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

You are included in the Settlement Class if you are an individual residing in the United States who, from February 1, 2022, to and through [==Preliminary Approval Date==]: used the Patriots App with location services enabled, and requested or obtained any prerecorded (including on-demand replay) videos available on the Patriots App.

Individuals included in the Settlement will be eligible to receive cash payment pro rata (meaning equal) portion of the Net Settlement Fund. The Settlement also requires Defendant to suspend any known transmission (to the extent any is occurring) by the Patriots App to Anvato through the Anvato API and to Rover through the Rover SDK of Precise Geolocation data in connection with a user's viewing of pre-recorded video materials, unless and until the VPPA is amended, repealed, or otherwise invalidated (including without limitation by judicial decision on the use of API or SDK technology by the United States Supreme Court or United States Court of Appeals for the First Circuit), or where precise geolocation is held by either court not to be personally identifying information, or where the disclosure of information does not identify specific pre-recorded video materials that a user has requested or obtained on the Patriots App, or until Patriots

**QUESTIONS? CALL [==NUMBER==] TOLL FREE, OR VISIT [==WEBSITE==]**

obtains VPPA-compliant consent for the disclosure to third parties of the video content viewed.

Read this notice carefully. Your legal rights are affected whether you act, or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a cash payment. A Claim Form is available at the website [website address]. As a Settlement Class Member, you will give up your rights to sue Patriots in the future regarding the claims in this case. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue Patriots regarding the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you do not like the Settlement. |
| **GO TO THE HEARING ON [DATE]** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You will not get a share of the Settlement benefits and will give up your rights to sue Patriots regarding the claims in this case. |

Your Rights and options—and the deadlines to exercise them—are explained in this Notice.

## 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. The Honorable Margaret R. Guzman, of the U.S. District Court for the District of Massachusetts, is overseeing this case. The case is called Serra v. New England Patriots LLC, Case No. 4:24-cv-40022-MRG. The person who has sued is called the Plaintiff. The entity being sued, New England Patriots, is called the Defendant.

## 2. What is a class action?

In a class action, one or more people called the class representatives (in this case, Plaintiff Anthony Serra) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who

exclude themselves from the class.

## 3. What is this lawsuit about?

This lawsuit claims that Patriots violated the VPPA, 18 U.S.C. § 2710, et seq. by disclosing its users' personally identifiable information to third parties via Anvato API and Rover SDK in its mobile app without its users' consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. **Patriots denies that it violated any law. The Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.**

## 4. Why is there a Settlement?

**The Court has not decided whether the Plaintiff or Patriots should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation.**

### WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

The Settlement Class is defined as:

> All individuals residing in the United States who are or have been users of the Patriots' App with location services enabled, and who requested or obtained any prerecorded (including on-demand replay) videos available on the Patriots' App, during the Class Period. Excluded from the Settlement Class are (1) any judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

### THE SETTLEMENT BENEFITS

## 6. What does the settlement provide?

*Monetary Relief:* Patriots will pay $2,160,000 to create a Settlement Fund.

***Prospective Changes:*** The Settlement also requires Defendant to suspend any known transmission (to the extent any is occurring) by the Patriots App to Anvato through the Anvato API and to Rover through the Rover SDK of Precise Geolocation data in connection with a user's viewing of pre-recorded video materials, unless and until the VPPA is amended, repealed, or otherwise invalidated (including without limitation by judicial decision on the use of API or SDK technology by the United States Supreme Court or United States Court of Appeals for the First Circuit), or where precise geolocation is held by either court not to be personally identifying information, or where the disclosure of information does not identify specific pre-recorded video materials that a user has requested or obtained on the Patriots App, or until Patriots obtains VPPA-compliant consent for the disclosure to third parties of the video content viewed.

A detailed description of the settlement benefits can be found in the Settlement Agreement available at [Website].

## 7. How much will my payment be?

After deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration (including payment of any associated taxes), the Settlement Fund will be distributed to Settlement Class Members as a cash payment on a pro rata basis (meaning equal share). This means each Settlement Class Member who submits a valid claim will be paid an equal share from the Net Settlement Fund. The amount of the payments to individual Settlement Class Members will depend on the number of valid claims that are filed. Because the final payment amount cannot be calculated before all claims are received and verified, it will not be possible to provide an accurate estimate of the payment amount before the deadline to file claims.

## 8. When will I get my payment?

The Court will hold a hearing to consider the fairness of the settlement on [Final Approval Hearing Date]. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will receive their payment within 90 days after the Settlement has been finally approved and/or any appeals process is complete. In submitting their claims, Settlement Class Members can choose whether to receive their payment via PayPal, Venmo, or paper check. All checks will expire and become void unless cashed within 180 days after the date of issuance.

### <u>How to Get Benefits</u>

## 9. How do I get a payment?

If you are a Settlement Class Member and you want to receive a payment, you must

complete and submit a Claim Form postmarked by [Claims Deadline]. Claim Forms can be found and submitted at the website [website address], or by printing and mailing a paper Claim Form, copies of which are available for download at the website [website address]. If the Patriots App was installed on your mobile device by [Push Date], you have received notifications concerning the settlement in the "My Inbox" section of the Patriots App and via a "Push" message, both of which will direct you to a personalized Notice of Proposed Class Action Settlement containing a Unique ID and PIN number to be entered on your Claim Form. You may still file a claim if you believe you are a member of the Settlement Class but have not received the "My Inbox" or "Push" notifications. Please contact the Settlement Administrator for more information at _____.

Settlement Class Members are encouraged to submit claims online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Settlement Class?

If the Settlement becomes final, you will give up (or "release") your rights to sue Patriots and certain of its affiliates ("Released Parties") regarding the Released Claims, which are described and defined in Paragraph 1.26 of the Settlement Agreement. Unless you exclude yourself (see Question 14), you will release the Released Claims, regardless of whether you submit a claim or not. You may access the Settlement Agreement through the "court documents" link on the website. The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you may speak to the lawyers listed in Question 12 for free or you may, of course, speak to your own lawyer.

### 11. What happens if I do nothing at all?

If you do nothing, you will not receive any monetary benefit (cash payment) from this Settlement. Further, if you do not exclude yourself, you will be unable to start a lawsuit or be part of any other lawsuit brought against Patriots regarding the Released Claims

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

Nathaniel L. Orenstein, Patrick T. Egan, and Christina L. Gregg of Berman Tabacco, Daniel C. Hedlund and Daniel J. Nordin of Gustafson Gluek PLLC, Kenneth A. Wexler, Justin N. Boley, and Zoran Tasić of Wexler, Boley & Elgersma LLP, and Kevin Landau and Brett Cebulash of Taus, Cebulash & Landau, LLP are the lawyers representing Anthony Serra and the Settlement Class. They are called "Class Counsel." After conducting an extensive

investigation, they believe that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

## 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel will ask for no more than one-third of the $2,160,000 Settlement Fund, but the Court may award less than this amount. Class Counsel may also seek a Service Award of up to $5,000 for the Class Representative for his service in helping to bring and settle the case. The Service Award will be paid out of the Settlement Fund, but the Court may award less than this amount.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I get out of the Settlement?

To exclude yourself from the Class, you must mail or otherwise deliver a letter stating that you want to be excluded. Your letter must include:

   a.  The name and number of this case:

   b.  Your full name and mailing address;

   c.  A statement that you wish to be excluded; and

   d.  Your handwritten or electronically imaged written signature.

You must mail or deliver your exclusion letter, postmarked no later than [Objection/Exclusion Deadline] to:

[Claims Admin?]

No "mass" or "class" opt-outs will be allowed.

## 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Patriots or the Released Parties for the Released Claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you may not submit a Claim Form to receive a monetary benefit (cash payment).

**OBJECTING TO THE SETTLEMENT**

**17. How do I object to the Settlement?**

If you're a Settlement Class Member, you may ask the Court to deny approval by filing an objection. You may object to any aspect of the Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for a Service Award. You can give reasons why you think the Court should not give its approval. The Court will consider your views. If you choose to make an objection, you must mail or file with the Court a letter or brief stating that you object to the Settlement. Your letter or brief must include:

a. The name and number of this case;

b. An explanation of the basis upon which you claim to be a Settlement Class Member, including information sufficient to identify you as a Patriots App user;

c. An explanation of any and all your reasons for your objections, including citations to legal authority and supporting evidence, and attaching any materials you rely on for your objections;

d. The name and contact information of any and all lawyers representing, advising, or in any way assisting you in connection with your objection;

e. A statement indicating whether you or your lawyer(s) intends to appear at the Final Approval Hearing;

f. Your handwritten or electronically imaged written signature; and

e. If a Settlement Class Member or any of the Objecting lawyers have objected to any class action settlement where the objector or the Objecting lawyer asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

You must mail or deliver your exclusion letter, postmarked no later than [Objection/Exclusion Deadline] to:

[Claims Admin?]

You must also mail or otherwise deliver a copy of your written objections to Class Counsel and Patriots' counsel at the following addresses:

| Class Counsel | Defendant's Counsel |
|---|---|

| [Sig Block] | [Sig Block] |
|---|---|

## 18. What is the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no right to object or file a Claim Form because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at [time] on ___, 2025 in Courtroom __ at the Harold D. Donohue Federal Building and U.S. Courthouse, 595 Main Street, Worcester, Massachusetts 01608. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [Settlement Website] or call [class counsel contact]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

## 20. Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to attend the hearing to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also retain your own lawyer (at your own expense) to attend, but it's not required.

## 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that you or your lawyer intend to appear at the Final Approval Hearing.

## 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at [Settlement Website]. You may also write with questions to ____. You can call the Settlement Administrator at ___ or Class Counsel at ___, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the settlement website.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE**

# Exhibit G

**EXHIBIT G**
**[Sponsored Search Listing]**

[COPY]

| | |
|---|---|
| *Headline 1* | **Class Action Settlement** |
| *Headline 2* | **New England Patriot App Users** |
| *Headline 3 (not guaranteed to show)* | ***See if you are included*** |
| *Description 1* | **You May Be Entitled to a Payment if you watched videos with location services enabled.** |
| *Description 2 (not guaranteed to show)* | ***The Class Period is between February 1, 2022, and MONTH DAY, 20XX.*** |
| *Display URL* | **www.URL.com** |