IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY SERRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>*v.*<br><br>NEW ENGLAND PATRIOTS LLC,<br><br>Defendant. | Case No. 4:24-cv-40022-MRG<br><br>Hon. Margaret R. Guzman |

**FINAL APPROVAL ORDER AND JUDGMENT**

On May 30, 2025, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF 70) of the Settlement between the Plaintiff Anthony Serra (the "Settlement Class Representative"), individually and on behalf of the Settlement Class Members, by and through Berman Tabacco; Taus, Cebulash & Landau, LLP; Gustafson Gluek, PLLC; Wexler Boley & Elgersma LLP (collectively, "Settlement Class Counsel"); and (ii) New England Patriots, LLC ("Patriot" or "Defendant"), by and through Defedant's counsel Paul, Weiss, Rifkind, Wharton & Garrison LLP, and Choate, Hall & Stewart LLP (collectively "Defendant's Counsel").[1]

On July 16, 2025, the Patriots App distributed the in-App notifications providing notice of the class action settlement to its users, as reflected in Exhibits B–D to the Settlement Agreement. See ECF No. 68-1. Pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, Settlement Class Members were apprised of the nature and pendency of the Action,

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning and/or definitions given to them in the Settlement Agreement, except as may otherwise be indicated.

the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing. The distribution of notice according to the Notice Plan occurred on July 16, 2025, two days after the contemplated date of July 14, 2024 in the Court's Preliminary Approval Order. To account for the delay, the Parties accepted objections, exclusions, and claims for two additional days after the dates in the Preliminary Approval Order, until August 30, 2025.

Prior to the Final Approval Hearing, on August 13, 2025, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Plan was completed as detailed above. *See* ECF No. 76-2. The Court is satisfied the Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of attorney's fees, costs, and expenses in light of the Parties accepting objections, exclusions, and claims for two additional days after the dates in the Preliminary Approval Order.

On October 30, 2025, the Court held a Final Approval Hearing to determine if, *inter alia*: (a) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Litigation should be dismissed with prejudice as to the Defendant or any of the Released Parties; (b) the application of Settlement Class Counsel for an award of attorneys' fees and expenses should be approved; and (c) the application for a Service Award to the Settlement Class Representatives should be approved.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the application made by Settlement Class Counsel for Attorneys' Fees and Expenses and Service Awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

The Court has subject matter jurisdiction. Specifically, the Court finds that the parties are minimally diverse, that there are more than 100 members of the Settlement Class, and that the amount in controversy exceeds $5,000,000, as required by 28 U.S.C. § 1332(d). The Court also has personal jurisdiction over the Parties and Settlement Class Members.

The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.

The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate, and in the best interests of Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with continued litigation, weigh in favor of approval of the Settlement.

This Court grants final approval of the Settlement, including, but not limited to, the Settlement Amount of $2,160,000.00, the Releases in the Settlement, and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

The Settlement and every term and provision thereof—including, without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

Zero objections were filed by Settlement Class Members.

All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

There have also been zero requests for exclusions to opt out of the Settlement in accordance with the requirements in the Settlement, which has been submitted to the Court in the Declaration of Cameron R. Azari, filed on September 26, 2025, in advance of the Final Approval Hearing. *See* ECF No. 82-1.

## CLASS CERTIFICATION

For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals residing in the United States who are or have been users of the Patriots App with location services enabled, and who requested or obtained any prerecorded (including on-demand replay) videos available on the Patriots App, during the Class Period.
>
> Excluded from the Settlement Class are (1) any judge presiding over this action, the judge's staff, and members of the judge's immediate family; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as the prerequisites thereunder have been met, namely that: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (e.g., whether

Defendant unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710, and whether Plaintiff and the Settlement Class Members are entitled to uniform statutory damages under the VPPA); (3) Plaintiff's claims are typical of the claims of the Settlement Class; (4) Plaintiff and his counsel fairly and adequately protected the interests of the Settlement Class; (5) Defendant's alleged conduct is generally applicable to the Class, so final injunctive relief is appropriate with respect to the Settlement Class as a whole; (6) common issues of law and fact predominate for settlement purposes; and (7) a class-action settlement is a superior method of fairly and efficiently adjudicating this Action.

The Court grants final approval to the appointment of Anthony Serra as Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

The Court grants final approval to the appointment of Berman Tabacco; Taus, Cebulash & Landau, LLP; Gustafson Gluek, PLLC; Wexler Boley & Elgersma, LLP as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## **NOTICE TO THE SETTLEMENT CLASS**

The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to Settlement Class Members of the pendency of the Action; certification of the Settlement Class for settlement purposes only; the existence and terms of the Settlement; their right to exclude themselves; their right to object to the Settlement and to appear at the final approval hearing; and satisfied the requirements of the Federal

Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**

The Court has considered Class Counsel's Motion for attorneys' fees, expenses and Service Awards.

The Court awards Class Counsel 1/3 of the gross Settlement Fund, or $720,000 as an award of attorneys' fees and $39,855.06 as an award of costs and expenses to be paid in accordance with the Settlement, to be paid to Class Counsel for the Action. Additionally, a Service Award of $5,000 is approved for the Settlement Class Representative, Anthony Serra. The Court finds this amount of fees, costs, expenses, and service awards to be fair and reasonable. This award of attorneys' fees, costs, expenses, and service awards and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement. This award of attorneys' fees, costs, expenses, and service awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

The Fee Award shall be paid from the Settlement Fund within ten (10) days after entry of the Court's Final Judgment, notwithstanding the existence of any timely filed objections or potential for appeal therefrom, or collateral attack on the settlement or any part hereof. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the Settlement Fund.

**OTHER PROVISIONS**

The Parties to the Settlement shall carry out their respective obligations thereunder.

Within the time period set forth in the Settlement, the relief provided for in the Settlement shall

be made available to Settlement Class Members who submitted valid Claim Forms, pursuant to the terms and conditions of the Settlement.

As of the Effective Date, each Settlement Class Member, including the Settlement Class Representative, shall have, have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

"Releasing Parties" or "Released Parties" means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

"Released Party" or "Released Parties" means Defendant New England Patriots LLC, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing

directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

"Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual, or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory, or common law or any other law, rule, or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party, including all claims that were brought or could have been brought in the Action relating to the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

"Unknown Claims" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the

fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

"VPPA-Compliant Consent" means informed written consent as set forth in 18 U.S.C. § 2710(b)(2)(B) which requires that consent: (i) must be given "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer"; (ii) must be given at the time the disclosure is sought, or in advance for a set period of time (not to exceed 2 years or until consent is withdrawn by the consumer, whichever is sooner); and (iii) the video tape service provider must offer a clear and conspicuous opportunity for the consumer to withdraw consent on a case-by-case basis or from ongoing disclosures, at the consumer's election.

This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall constitute a final and complete resolution of all disputes between the Parties with respect to the Action. The Settlement compromises claims that are contested and shall not be deemed an admission by the Parties as to the merits of any claim or defense

***provided*, *however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an opt-out member or any other person subject to the provisions of this Final Approval Order and Judgment.

The Court hereby dismisses the Action and the Class Action Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

Consistent with Paragraph 9 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into, with the exception that Defendant reimburse the Settlement Administrator for all expenses incurred for Settlement Administration Expenses through the date of termination of the settlement.

Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

Dated: November 14, 2025

/s/ Margaret R. Guzman

Honorable Margaret R. Guzman
United States District Judge